IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CR-5-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MELVIN GOODWIN, | ) | |
| | ) | |
| Defendant. | ) | |

On July 1 and 30, 2024, Melvin Goodwin ("Goodwin" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 77, 78] and filed an exhibit in support [D.E. 77-1]. Goodwin argues his unusually long sentence and mother's need for a caregiver warrant release. See [D.E. 77] 1–2; [D.E. 78] 1–3. On October 21, 2024, the United States responded in opposition [D.E. 86]. On August 26, 2025, the case was reassigned to the undersigned [D.E. 88]. As explained below, the court denies Goodwin's motions for compassionate release.

I.

On May 6, 2020, without a written plea agreement, Goodwin pleaded guilty to distributing a quantity of heroin and aiding and abetting (count one) and distributing a quantity of cocaine base (crack) (count two). See [D.E. 1, 42, 68]. On September 10, 2020, United States District Judge Terrence W. Boyle held Goodwin's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); [D.E. 60] 1; PSR [D.E. 50]; Sent. Tr. [D.E. 69]. Judge Boyle calculated Goodwin's total offense level to be 29, his criminal history category to be VI, and his advisory guideline range to be 151 to 188 months'

imprisonment. See PSR ¶ 69; Sent. Tr. 3. After considering defendant's allocution, the arguments of counsel, and all relevant factors under 18 U.S.C. § 3553(a), Judge Boyle granted Goodwin's motion for a downward variance. See Sent. Tr. 3–9. In granting the motion, Judge Boyle credited argument about Goodwin's criminal history only including three scored serious felonies. See id. at 8–9. Judge Boyle acknowledged, however, that the career offender enhancement properly applied and noted that Goodwin was sentenced in state court in February 2016, "which he unsatisfactorily resolved in August [2018]," and returned to "the drug business in December [2018]. So I think that some consideration is available under the downward variance for the multiple criminal history points that he has, but that he shouldn't receive anything near" the advisory guideline range that would apply to a person who was not a career offender. Id. Judge Boyle then sentenced Goodwin to 140 months' imprisonment on count one and 140 months' concurrent imprisonment on count two. See id. at 9–10; [D.E. 59] 3.

Goodwin appealed. See [D.E. 61]. On November 24, 2021, the United States Court of Appeals for the Fourth Circuit granted Goodwin's motion to voluntarily dismiss his appeal. See [D.E. 75, 76].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Burleigh, 145 F.4th 541, 547 (4th Cir. 2025), abrogated on other grounds by Rutherford v. United States, __ U.S. __, 2026 WL 1485535 (2026); United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th

2

Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford, 2026 WL 1485535. A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Burleigh, 145 F.4th at 547; Hargrove, 30 F.4th at 194.

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 2026 WL 1485535, at *7 (cleaned up). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." Id. (cleaned up). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id.; see also Fernandez v. United States, __ U.S. __, 2026 WL 1485476, at *10 (2026). "That is a demanding standard." Fernandez, 2026 WL 1485476, at *7. Moreover, although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 2026 WL 1485535; McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists

3



several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See id. § 1B1.13(b), invalidated in part by Rutherford, 2026 WL 1485535, at *10. "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13(e).

Goodwin seeks compassionate release under section 3582(c)(1)(A) and argues extraordinary and compelling circumstances exist because of his unusually long sentence, his family circumstances, and United States v. Hope, 28 F.4th 487, 504–05 (4th Cir. 2022), which rejected "that the status of a prior state conviction under the [Armed Career Criminal Act] is determined by the federal law that applied at the time of that state conviction" and instead looked to the time of federal sentencing. 28 F.4th at 504–05 (cleaned up); see [D.E. 77] 1–2; [D.E. 78] 1–3. Goodwin argues that the court improperly scored his marijuana convictions because hemp was not a controlled substance at his time of sentencing and law enforcement allegedly did not test for the substance THC level, which "produced a gross disparity" between his career-offender sentence and the sentence he would purportedly receive today. [D.E. 78] 3. Goodwin also cites his rehabilitation efforts and release plan. See [D.E. 77] 2.

4



As for Goodwin's Hope argument, the "unusually long sentence" policy statement instructs that if a defendant received an unusually long sentence and has served a term of at least 10 years' imprisonment, an intervening change in the law may be considered as an extraordinary and compelling reason only "after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6). But the Supreme Court in Rutherford invalidated section 1B1.13(b)(6) "to the extent" it permits nonretroactive changes to sentencing law to be considered extraordinary and compelling reasons for compassionate release. 2026 WL 1485535, at *10. Thus, Goodwin cannot rely on the Fourth Circuit's post-sentencing marijuana decision in Hope as an extraordinary and compelling reason for compassionate release, triply so because the Supreme Court abrogated Hope in Brown v. United States, 602 U.S. 101, 144 (2024), and because Goodwin's scored convictions also involved heroin. See PSR ¶¶ 26, 28; [D.E. 86] 9; United States v. Nelson, 151 F.4th 577, 582–83 (4th Cir. 2025) (recognizing the abrogation); cf. Fernandez, 2026 WL 1485476, at *10 ("The compassionate release provision is not a vehicle for attacking the validity of a conviction."). Moreover, Goodwin has not yet served at least 10 years' imprisonment. See [D.E. 86] 8. Accordingly, releasing Goodwin due to the length of his sentence would not comport with U.S.S.G. § 1B1.13(b)(6).

As for the "family circumstances" policy statement, section 1B1.13(b)(3)(C) lists in relevant part the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" as an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(3)(C). Goodwin states that his "mother is suffering from a number of ailments in her senior years (68 [as of July 1, 2024])" and "is getting to the point where she can barely care for herself and my granddaughter." [D.E. 77] 2. Goodwin also states that his daughter

5

"is not in the position to provide the care that [Goodwin's] mother requires" because of his daughter's work schedule. See id. Goodwin cites no evidence to substantiate his statements.

Goodwin fails to show that his mother is "incapacitated" under the policy statement. U.S.S.G. § 1B1.13(b)(3)(C)–(D); see United States v. Rosario-Cruzado, No. 24-6365, 2025 WL 1540932, at *2–3 (4th Cir. May 30, 2025) (unpublished); United States v. Blevins, No. 1:15-CR-3, 2026 WL 497306, at *1–2 (W.D. Va. Feb. 23, 2026) (unpublished); United States v. Clack, No. 5:20-CR-543, 2024 WL 4954305, at *3 (E.D.N.C. Dec. 3, 2024) (unpublished); United States v. Roueche, No. CR07-344, 2024 WL 4665568, at *4 (W.D. Wash. Nov. 4, 2024) (unpublished); Delavan v. United States, No. 4:18-CR-23, 2024 WL 2958956, at *4 (E.D. Va. June 12, 2024) (unpublished); United States v. Harris, No. 5:15-CR-111, 2021 WL 6052284, at *3 (E.D.N.C. Dec. 20, 2021) (unpublished), appeal dismissed, No. 22-6001, 2022 WL 18228332 (4th Cir. Apr. 13, 2022) (unpublished); United States v. Locklear, No. 7:17-CR-60, 2021 WL 5098691, at *4 (E.D.N.C. Nov. 2, 2021) (unpublished); United States v. White, No. CR 16-40, 2021 WL 1721016, at *4 (E.D. La. Apr. 30, 2021) (unpublished); United States v. Greene, No. 1:17-CR-12, 2020 WL 4475892, at *5 (D. Me. Aug. 4, 2020) (unpublished). Alternatively, although Goodwin's mother's alleged ailments are unfortunate, Goodwin is not "the only available caregiver" for his mother. See [D.E. 77] 2 (referencing his local daughter); PSR ¶ 39 (referencing his local sister at the time of sentencing); Blevins, 2026 WL 497306, at *2; United States v. Taylor, No. 3:08-CR-326, 2026 WL 313469, at *7–8 (E.D. Va. Feb. 5, 2026) (unpublished); Clack, 2024 WL 4954305, at *5; United States v. Gross, No. 1:17-CR-37, 2024 WL 4100325, at *3 (N.D. Ind. Sept. 5, 2024) (unpublished); United States v. Graff, No. 1:17-CR-20, 2024 WL 3912947, at *2 (W.D. Va. Aug. 23, 2024) (unpublished); United States v. Taylor, No. CR 06-699-3, 2024 WL 3594315, at *6 (D.N.J. July 31, 2024); Delavan, 2024 WL 2958956, at *4; United States v. Milchin, No. 17-284-1,

6

2023 WL 7544995, at *1 (E.D. Pa. Nov. 13, 2023) (unpublished); United States v. Conrad, No. 20-22, 2023 WL 7301225, at *2 (D. Mont. Nov. 6, 2023) (unpublished). Thus, reducing Goodwin's sentence would not comport with U.S.S.G. § 1B1.13(b)(3)(C)–(D).

As for the "other reasons" policy statement, the court assumes without deciding that Goodwin's mother's health issues and Goodwin's post-sentencing conduct are together extraordinary and compelling reasons under section 3582(c)(1)(A). The section 3553(a) factors, however, do not support reducing Goodwin's sentence. See Burleigh, 145 F.4th at 549–53; Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Goodwin is 44 years old and committed serious crimes. Goodwin is incarcerated for distributing a quantity of heroin and cocaine base (crack). See PSR ¶¶ 1, 4, 7–10, 12–13. From December 2018 to April 2019, Goodwin and his paramour engaged in prolonged, serious drug dealing just four months after a state court terminated unsatisfactorily Goodwin's supervision from another drug distribution conviction. See id. ¶¶ 7–10, 12–13, 28. Undeterred, Goodwin sold heroin, cocaine, and cocaine base (crack) to confidential informants on multiple occasions from multiple Wilmington residences. See id. ¶¶ 8–10, 12–13. Goodwin also enlisted a confidential informant to rent vehicles for him to transport heroin and cocaine throughout the Wilmington area. See id. ¶ 10. In total, Goodwin is responsible for 10 grams of heroin, 29.83 grams of cocaine, and .85 grams of cocaine base, equaling a converted drug weight of 19 kilograms. See id. ¶ 13.

Goodwin's abhorrent criminal behavior was nothing new. Starting in 1997, Goodwin has felony convictions for cocaine possession (twice), armed robbery (twice), assault with a deadly weapon inflicting serious injury, attempt to obtain property by false pretenses, possession with intent to distribute five grams or more of cocaine base (crack) and a quantity of heroin, and manufacture, sell, deliver, or possession of a controlled substance within 1,000 feet of a school.

7

See id. ¶¶ 18–20, 23–28. Moreover, Goodwin has routinely performed poorly on supervision, testing positive for drug use (five times), failing to comply with curfew or report as directed, absconding from supervision (twice), and committing new criminal conduct. See id. ¶¶ 18, 23, 26. Goodwin also obstructed law enforcement after arrest for a prior federal drug offense, attempting to conceal and discard drugs on his person in a facility's pre-intake area. See id. ¶ 26.

Goodwin has taken some positive steps since entering federal custody. Goodwin has completed educational courses, participated in residential drug abuse programming, and received vocational training. See [D.E. 77] 2. But Goodwin also has incurred three infractions for possessing a cell phone and vaping devices. See [D.E. 77] 2; [D.E. 86] 3. The court views possessing a contraband cell phone as very serious misconduct. See United States v. Melton, 761 F. App'x 171, 173–78 (4th Cir. 2019) (per curiam) (unpublished).

The court has considered the entire record, the section 3553(a) factors, and the parties' arguments. The court has considered Goodwin's serious criminal conduct, his appalling criminal history, and the need to punish Goodwin for his criminal behavior, to incapacitate Goodwin, to promote respect for the law, to deter others, and to protect society. The court also has considered Goodwin's arguments about his rehabilitation, release plan, sentencing disparities, and family circumstances. See [D.E. 77] 1–2; [D.E. 78] 1–3. Having considered the entire record, the court denies Goodwin's motions for compassionate release. See, e.g., Concepcion v. United States, 597 U.S. 481, 498–501 (2022); Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; Washington, 161 F.4th at 820–24; Burleigh, 145 F.4th at 549–53; United States v. Moody, 115 F.4th 304, 314–16 (4th Cir. 2024); United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Taylor, No. 22-6795, 2022 WL 17819301, at *1 (4th Cir.

8

Dec. 20, 2022) (per curiam) (unpublished); <u>United States v. Roane</u>, 51 F.4th 541, 551–53 (4th Cir. 2022); <u>Hargrove</u>, 30 F.4th at 198–200; <u>Kibble</u>, 992 F.3d at 331–32; <u>High</u>, 997 F.3d at 187–91; <u>United States v. Ruffin</u>, 978 F.3d 1000, 1008–09 (6th Cir. 2020); <u>United States v. Chambliss</u>, 948 F.3d 691, 693–94 (5th Cir. 2020); <u>United States v. Taylor</u>, 337 F. App'x 342, 343–44 (4th Cir. 2009) (per curiam) (unpublished); <u>United States v. Hill</u>, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), <u>aff'd</u>, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motions for compassionate release [D.E. 77, 78].

SO ORDERED. This 19 day of May, 2026.

JAMES C. DEVER III
United States District Judge

9